UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FADRIAN ANDREW SMITH,

        Plaintiff,

v.                                      Case No. 21-C-1048

BELLIN HEALTH HOSPITAL,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Fadrian Smith, who is currently representing himself, filed this action against Defendant Bellin Health Hospital. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). After reviewing the complaint, the Court finds that it has no subject matter jurisdiction over this action based on either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff alleges that, on August 30, 2019, Dr. Mohammed Jazayeri removed a Medtronic heart monitoring device from underneath Plaintiff's skin and replaced it with an unknown implant. He asserts that Defendant violated his rights by subjecting him to an unethical clinical research study.[1]

Plaintiff has failed to sufficiently plead a federal question. For a court to consider federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause

---

[1] Plaintiff also includes numerous allegations against non-defendants. Because Plaintiff's allegations against those entities and individuals do not relate to his allegations against Defendant, they will not be considered by the Court.

of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Although Plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983, that section imposes civil liability on any person who, under color of law, "subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. The purpose of § 1983 is "to provide compensatory relief to those deprived of their federal rights by state actors." *Felder v. Casey*, 487 U.S. 131, 141 (1988). A private hospital and its employees are not state actors and thus cannot be named as defendants in a § 1983 action. *See Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966 (7th Cir. 2016).

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Complete diversity does not exist in this case because Plaintiff and Defendant are citizens of Wisconsin.

For these reasons, this action is dismissed *sua sponte* for lack of subject matter jurisdiction. Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of September, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge